## Stella M. McDonald, Plaintiff in Error, v. Myrtie A. Watson et al., Defendants in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917.

### Statement of the Case.

Bill by Stella M. McDonald, complainant, against Myrtie A. Watson and others, defendants, to foreclose a mortgage upon certain real estate. From a deficiency decree against certain defendants and omitting certain other defendants, complainant brings error.

RAY D. MEEKER, for plaintiff in error.

W. G. COCHRAN and WHITLEY & FITZGERALD, for defendants in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. EQUITY, § 461*—*when defendant in default is precluded from questioning competency or sufficiency of evidence.* A defendant in default against whom a decree *pro confesso* is taken is precluded from questioning the competency or sufficiency of the evidence to support the decree where the allegations of the bill are sufficient to sustain the decree.

2. MORTGAGES, § 77*—*when grantee not personally liable to pay · mortgage.* The mere acceptance of a deed subject to an outstanding mortgage specified therein creates no personal liability on the grantee to pay the mortgage.

3. EQUITY, § 461*—*what is effect of decree pro confesso.* A decree *pro confesso* concludes the defendants as to matters of fact

alleged in the bill but does not conclude them as to any conclusion of law averred therein.

4. EQUITY, § 461*—*how decree pro confesso may be attacked as to averments of conclusions of law in bill.* As to conclusions of law averred in a bill, a decree *pro confesso* may be attacked after its rendition by appeal or writ of error on the ground that the allegations in the bill do not sustain it.